| | |
|---|---|
| 1 | NEAL S. SALISIAN, SBN 240277 |
| 2 | neal.salisian@salisianlee.com<br>GLENN R. COFFMAN, SBN 305669 |
| 3 | glenn.coffman@salisianlee.com<br>**SALISIAN | LEE LLP** |
| 4 | 550 South Hope Street, Suite 750<br>Los Angeles, California 90071-2627 |
| 5 | Telephone:  (213) 622-9100<br>Facsimile:   (800) 622-9145 |
| 6 | Attorneys for Plaintiff |
| 7 | BALBOA CAPITAL CORPORATION |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MITT LARY FAMILY PRACTICE, LLC, an Alabama limited liability company; MALIKA ARYANPURE, an individual; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT; AND**<br><br>**2. BREACH OF GUARANTY.** |

COMPLAINT

Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant Mitt Lary Family Practice, LLC ("Mitt Lary Family Practice") is, and at all times relevant to this action was, an Alabama limited liability company with its principal place of business in the County of Tuscaloosa, State of Alabama.

3. Defendant Malika Aryanpure ("Aryanpure"), an individual, is and at all times relevant to this action was, a resident of the County of Tuscaloosa in the State of Alabama and was an officer, director, shareholder, agent and/or owner of Defendant Mitt Lary Family Practice.

4. Plaintiff is unaware of the true names, capacities, and relationships of the Doe defendants, as well as the extent to their participation in the conduct herein alleged, but are informed and believe and thereon allege that said Doe defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.

5. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the

1

scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant Mitt Lary Family Practice and defendant Aryanpure agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. You submit to the jurisdiction of CA and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, shall have exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising out of this EFA. You waive any objection based on improper venue and/or forum non/conveniens.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

9. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

### FIRST CAUSE OF ACTION

**(Breach of Equipment Financing Agreement)**

**(Against Mitt Lary Family Practice and Does 1-10)**

10. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

11. On or about August 1, 2019, Balboa executed and delivered to Mitt Lary Family Practice a certain written Equipment Financing Agreement No. 304165-000 (the "EFA"), under the terms of which Balboa loaned to Mitt Lary Family Practice the principal sum of one hundred and eighty-four thousand, nine hundred and eighty-two dollars and fifty cents ($184,982.50) in order to finance equipment for its business (the "Collateral"). The EFA required Mitt Lary Family Practice to make six (6) initial monthly payments of $99.00 and then sixty (60) monthly payments of $4,205.50, payable on the twenty-ninth day of each month, beginning August 30, 2019. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

12. The last payment received by Balboa was credited toward the monthly payment due for March 29, 2020. Therefore, on or about April 29, 2020, Mitt Lary Family Practice breached the EFA by failing to make the monthly payment due on that date and, therefore, is due for the April 29, 2020 monthly payment. Defendant Mitt Lary Family Practice's failure to make timely payments is a default under the terms of the EFA.

13. In accordance with the EFA, and as a proximate result of Mitt Lary Family Practice's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA, discounted to their present value at the discount rate of three percent (3%). Therefore, the principle sum of no less than $241,751.02 remains due and owing. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Mitt Lary Family Practice.

14. In addition, the terms of the EFA provide that Defendant Mitt Lary Family Practice is liable to Balboa for any insurance required on the personal property. Insurance fees in the sum of $756.99 are now due and owing.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Mitt Lary Family Practice.

16. As a proximate result of Mitt Lary Family Practice's breach of the EFA, Balboa has been damaged in the total sum of **$242,508.01**, plus interest at the rate of ten percent (10%) per annum from April 29, 2020, until the entry of judgment.

17. Further, under the terms of the EFA, Mitt Lary Family Practice promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Mitt Lary Family Practice.

## SECOND CAUSE OF ACTION

### (Breach of Guaranty)

### (Against Aryanpure and Does 1-10)

18. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

19. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Mitt Lary Family Practice, Aryanpure guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty (the "Guaranty") is attached as **Exhibit A** and incorporated herein by reference.

20. Following a default of Mitt Lary Family Practice under the terms of the EFA, Balboa demanded Aryanpure make the payments required under the EFA. Aryanpure failed to meet the guaranty obligations and make the payments required under the EFA.

21. Pursuant to the terms of the Guaranty, the sum of **$242,508.01**, plus interest at the rate of ten percent (10%) per annum from April 29, 2020, is due and

payable to Balboa from Aryanpure. This Complaint, in addition to previous demands, shall constitute further demand upon Ali to pay the entire indebtedness due and owing from Mitt Lary Family Practice to Balboa under the terms of the EFA.

22. Under the terms of the Guaranty, Aryanpure promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Aryanpure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa Capital Corporation prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1. The principal sum $242,508.01;
2. Prejudgment interest at the rate of ten percent (10%) per annum from April 29, 2020 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and

//
//
//
//
//

7. Such other and further relief that the Court considers proper.

Dated: May 26, 2023

SALISIAN | LEE LLP

By _____
Neal S. Salisian
Glenn R. Coffman

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION